[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, Calvin Jones, appeals from his conviction for breaking and entering in violation of R.C. 2911.13(A). The trial court sentenced Jones to eleven months in prison. Jones now appeals, raising two assignments of error, neither of which we find to be well taken.
{¶ 3} At trial, the state presented evidence that on September 5, 2001, a maintenance worker at Surf Cincinnati discovered that the money room, which was located inside the park office, had been broken into. The room had cinder block walls, a steel door, and a counter-type window that had been boarded up with plywood. The maintenance worker testified that the plywood had been pulled off the window, and that the glass door was broken. Five hundred dollars in quarters had been taken.
{¶ 4} The police were called, and they obtained a fingerprint from a part of the plywood that would have been inside the office. The print was matched with those on a list of employees and found to be that of Jones. Jones was a doorman for Caddy's, a part of the Surf Cincinnati complex. Another Surf Cincinnati employee testified that the room was secure when he left at 4:30 p.m. and that it had been broken into when he arrived at 8:00 a.m. the next day.
{¶ 5} During the trial, Jones testified that he had worked the night shift on September 5, 2001. He also admitted that he had prior convictions for falsification, burglary, and aggravated robbery.
{¶ 6} In his first and second assignments of error, Jones challenges his conviction on both the sufficiency and the weight of the evidence. In testing the sufficiency of the evidence, this court looks at the evidence presented in the light most favorable to the prosecution and determines if any rational trier of fact could have found that all the essential elements of the offense had been proved beyond a reasonable doubt.[1] In determining whether a conviction was against the manifest weight of the evidence, we must review all of the evidence to see whether the trier of fact lost his way and created a manifest miscarriage of justice.[2] After reviewing the record, we find sufficient evidence to support Jones's conviction for breaking and entering. Further, having reviewed the entire record, weighed the evidence and all reasonable inferences, and considered the credibility of the witnesses, we cannot say that, in resolving conflicts in the evidence, the trial court clearly lost its way and created a manifest miscarriage of justice. Consequently, we overrule the first and second assignments of error and affirm the judgment of the trial court.
{¶ 7} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Sundermann, JJ.
[1] State v. Martin (1983) 20 Ohio App.3d 172, 485 N.E.2d 717; Statev. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.
[2] Tibbs v. Florida (1982) 457 U.S. 31, 102 S.Ct 2211.